# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| KENNETH D. LIGGINS, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:16-CV-00041 |
| v. | ) |
| | ) |
| J. MIKE HOLBERT, et al., | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Pro se plaintiff Kenneth D. Liggins brings this action alleging civil rights violations under 42 U.S.C. §§ 1983 and 1985(3). He names as defendants J. Mike Holbert, Chairman of the Clarke County Board of Supervisors; Keith R. Dalton, Town Manager for the Town of Berryville; the Clarke County Board of Supervisors; and the Town of Berryville (collectively, "defendants"). ECF No. 1, at 1. Defendants brought a motion to dismiss Liggins's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 5. In response, Liggins brought two motions for default judgment and a related motion for hearing. ECF Nos. 9, 10, 12. These motions were referred to United States Magistrate Judge Joel C. Hoppe for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

---

[1] Liggins has also filed two motions that appear to be—and will be construed by the court as—briefs in opposition or other pleadings. These are:
    • "Plaintiff Motion to Dismiss Defendants Opposition to Plaintiff Motion for Default Judgment" (ECF No. 16). The court will construe this as a brief in opposition to defendants' brief in opposition (ECF No. 11) to Liggins's first motion for default judgment (ECF No. 9).
    • "Plaintiff Motion to Dismiss the Honorable Joel C. Hoppe United States Magistrate Judge 2nd Report and Recommendation to Grant Defendants Motion to Dismiss" (ECF No. 34). The court will construe this as objections to Judge Hoppe's second report and recommendation (ECF No. 33).

In his first report and recommendation, issued on October 26, 2016, Judge Hoppe addressed Liggins's claim that defendants did not timely serve him with their motion to dismiss, filed on September 30, 2016. ECF No. 15, at 1–2. Judge Hoppe recommended denying Liggins's motions for default judgment and for a hearing on two grounds. First, the Clerk of the Court had not yet entered defendants' default. Id. at 2. Second, defendants' motion to dismiss was timely filed and, "based on the affidavits of counsel for Defendants, it appears that they took reasonable and customary steps to effect service of the motion to dismiss and brief in support on Liggins." Id. at 3. Liggins filed timely objections to the report and recommendation on November 7, 2016. ECF No. 17.[2]

In his second report and recommendation, issued on February 8, 2017, Judge Hoppe recommended granting defendants' motion to dismiss. ECF No. 33, at 12. Judge Hoppe found that Liggins failed to state a claim for which relief can be granted, and accordingly recommended that his complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] Liggins filed timely objections to the report and recommendation on February 27, 2017.[4] ECF No. 34. Subsequently, Liggins filed a motion requesting a hearing regarding his objections to Judge Hoppe's reports and recommendations (ECF No. 36).

For the reasons set forth below, the court will **ADOPT** both reports and recommendations to the extent consistent with this opinion (ECF Nos. 15, 33), **GRANT**

---

[2] Liggins also filed objections to Judge Hoppe's first report and recommendation on February 27, 2017. ECF No. 35. However, as these objections were made well past the fourteen-day deadline provided by 28 U.S.C. § 636, and merely reiterate arguments Liggins made in his earlier, timely filing (ECF No. 17), the court will decline to consider these objections for the purposes of this memorandum opinion and accompanying order.
[3] Judge Hoppe did not address whether Liggins lacked standing to bring this action, an argument made by defendants in the memorandum accompanying their motion to dismiss. See ECF No. 6, at 7–8.
[4] Although parties ordinarily have only fourteen days from the time of a report and recommendation to file objections to it, Judge Hoppe set February 27, 2017 as the deadline for Liggins's objections.

defendants' motion to dismiss (ECF No. 5), and **DENY** Liggins's motions (ECF Nos. 9, 10, 12, 36). The court will address Liggins's motions before addressing defendants' motion to dismiss.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the

3

magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985(3)) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple [ ]he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

## II.

Under Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil procedure, a defendant must serve an answer within twenty-one days of being served with the plaintiff's complaint. The answer is served on a person by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5. "When a party against whom a

4

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters the party's default, and unless "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the other party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b).

However, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Allen Wright et al., Federal Practice and Procedure § 2682 (4th ed. 2016); see ECF No. 15, at 2. Federal courts have recognized that "the clear weight of authority holds that a party must seek entry of default by the clerk before it can move the court for default judgment." Rowley v. Morant, 276 F.R.D. 669, 670 (D.N.M. 2011); accord Tweedy v. RCAM Title Loans, LLC, 611 F. Supp. 2d 603, 605 (W.D. Va. 2009) ("After the entry of default, the non-defaulting party may move the court for 'default judgment' under Federal Rule of Civil Procedure 55(b)." (emphasis added)).

### III.

Liggins filed two motions for default judgment (each containing the same allegations), ECF Nos. 9, 12, and a motion for hearing on the motions for default judgment, ECF No. 10. "Liggins contends that the Defendants did not timely serve on him their motion to dismiss. . . . Liggins then asserts that Defendants are in default, and default judgment should be entered against them." ECF No. 15, at 2. Judge Hoppe disagreed, and found that defendants are not in default and recommended that the court deny Liggins's motions

5

accordingly. Id. at 3. Finally, because the motions could be decided based on the parties' filings, Judge Hoppe concluded that a hearing was not necessary. Id.

Liggins objects to Judge Hoppe's report and recommendation, but largely reiterates the arguments he previously made to the magistrate judge. See generally ECF Nos. 9, 12, 17. Those objections that fail to identify specific errors in the report and recommendation are properly construed as general objections that do not warrant de novo review. See Veney, 539 F. Supp. 2d at 844–46. Liggins also concedes that he ultimately received defendants' motion to dismiss, though maintains that this copy, received October 27, 2016, was the only copy he received. ECF No. 17, at 2.

His objections may not be entirely disregarded, however. Construing Liggins's objections liberally, he raises several new, specific objections to Judge Hoppe's findings that the court must consider: (1) that his motion is not premature; (2) that even if defendants took reasonable steps to effect service of the motion to dismiss on him, they can nevertheless be held in default; and (3) that he has been prejudiced because "the Court is acting as [l]egal [c]ounsel on behalf of the Defendants and it's [sic] counsel." ECF No. 17, at 5. The court will address each in turn.

Judge Hoppe found Liggins's motions to be premature because the clerk had not yet entered default against defendants. ECF No. 15, at 2. Ordinarily, a motion for default judgment must come after the entry of default. See Tweedy, 611 F. Supp. 2d at 605. But a plaintiff proceeding pro se is held to "less stringent standards" than plaintiffs with counsel, and the court must construe his claims liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). In the Second Circuit, "courts have excused the failure to obtain entry of default prior to an

6

application for default judgment, and have instead included an order for entry of default with a decision on the merits of the application for default judgment." In re Suprema Specialties, Inc., 330 B.R. 40, 47 (S.D.N.Y. 2005). Suprema Specialties comports with the less stringent standards the Fourth Circuit affords plaintiffs proceeding pro se. With these principles in mind, it is reasonable to read Liggins's motions for default judgment as requesting the clerk to enter defendants' default.

Nevertheless, Liggins's motions for default judgment must fail because, contrary to his contention, defense counsel does not have "the sole responsibility to make sure that the plaintiff Liggins had received a copy of their motion to dismiss." ECF No. 17, at 5. There are two requirements for entry of default under Rule 55 of the Federal Rules of Civil Procedure: (1) that the party "has failed to plead or otherwise defend"; and (2) "that failure is shown by affidavit or otherwise." Liggins attempts to show defendants' failure to plead by submitting an affidavit attesting that he had not received defendants' motion to dismiss before the filing deadline. Even if true, defendants pled properly by filing their motion to dismiss within the deadline and "mailing it to [Liggins's] last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5; see ECF No. 11 (providing affidavits of defense counsel and members of defense counsel's law firm attesting that the motion to dismiss was properly mailed to Liggins). Liggins's motions for default judgment cannot be granted simply because Liggins contends, without more, that he never received filings which he was entitled to receive by a particular date.

Liggins has not made the requisite showing under Rule 55 of the Federal Rules of Civil Procedure to warrant entry of default or default judgment. The court therefore need

7

not address Liggins's argument that he has been prejudiced by his failure to receive a copy of defendants' motion to dismiss.[5] Accordingly, the court will **DENY** Liggins's two motions for default judgment and related motion for hearing, ECF Nos. 9, 10, 12.

**IV.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Absent subject matter jurisdiction, a court must dismiss the action. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 653 (4th Cir. 1999). Whether a plaintiff has standing to bring a cause of action "is generally associated with Civil Procedure Rule 12(b)(1) pertaining to subject matter jurisdiction." CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 52 (4th Cir. 2011). "That is because 'Article III gives federal courts jurisdiction only over cases and controversies,' and standing is 'an integral component of the case or controversy requirement.'" Id. (quoting Miller v. Brown, 462 F.3d 312, 316 (4th Cir.2006)). When a defendant raises substantive challenges to a court's jurisdiction under Rule 12(b)(1), the court need not accept the complaint's allegations as true and may consider facts outside the complaint to determine if it can properly exercise subject matter jurisdiction. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). At all times, "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans, 166 F.3d at 647.

---

[5] As Judge Hoppe noted, Liggins received an extension to file his opposition. ECF No. 15, at 3. Thus, in any event, Liggins has suffered no harm related to not receiving defendants' motion to dismiss. Moreover, the court did not "act[] as [l]egal [c]ounsel on behalf of the [d]efendants," ECF No. 17, at 5, by mailing Liggins a copy of defendants' motion to dismiss. Rather, the motion was mailed to Liggins so that he would be able to file a response; in other words, to mitigate any prejudice inflicted on Liggins by virtue of his purported failure to receive the motion earlier.

8

In contrast, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint need only contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is "facially plausible" when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This "standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. When ruling on a motion to dismiss, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

While the court must accept as true all well-pled factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). A plaintiff proceeding pro se is held to "less stringent standards" than counseled plaintiffs, and the court must construe his claims liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the court need not ignore a clear failure to allege facts that set forth a cognizable claim. Weller v. Dep't of Soc. Servs. for Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Nor is a court required to recognize "obscure

or extravagant claims defying the most concerted efforts to unravel them." Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

## V.

Defendants filed a motion to dismiss Liggins's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 5, 6. Defendants first argue that Liggins complaint does not state a claim for which relief under §§ 1983 and 1985(3) may be granted, because "Liggins has failed to plead any deprivation of right secured by either the Constitution or a federal statute." ECF No. 6, at 6–7. Defendants then argue that Liggins lacks standing because he has "suffered no injury or damages," ECF No. 6, at 7–8, and accordingly the court lacks jurisdiction to hear his case.

On February 8, 2017, Judge Hoppe recommended granting defendants' motion to dismiss, on the basis that Liggins failed to state a claim for which relief can be granted. ECF No. 33, at 12. Presumably because he found dismissal warranted under Rule 12(b)(6), Judge Hoppe did not consider defendants' arguments regarding Rule 12(b)(1). The court will analyze defendants' motion to dismiss under each rule in turn.

### A.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra, 120 F.3d at 474. In light of Liggins's status as a pro se plaintiff, the court will "consider both the complaint and the factual allegations in [Liggins's] response to the motion to dismiss in determining whether his claims can survive dismissal." Shomo v. Apple, Inc., No. 7:14cv40, 2015 WL

777620, at *2 (W.D. Va. Feb. 24, 2015). The court will also consider factual allegations raised or further developed in Liggins's various pleadings (such as his objections to Judge Hoppe's report and recommendation), again in light of the fact that Liggins is a pro se plaintiff.

Liggins alleges that he was elected president of the Josephine Improvement Association ("JIA"), which represents the interests of a community within Clark County and the town of Berryville called Josephine City. ECF No. 33, at 2. Clark County had acquired grant money which was to be used to study the possibility of applying for a larger, $1,000,000 grant—which would actually come in the form of a loan—to fund improvements to Josephine City. Id. at 3. According to Liggins, the named defendants—Mike J. Holbert, a member of the Clarke County Board of Supervisors, and Keith R. Dalton, the Town Manager of the Town of Berryville—refused to release the grant money unless Liggins resigned as president of the JIA. Id. Their purported rationale was that they wanted to take advantage of the predominately elderly community of Josephine City and obtain citizens' signatures on deeds of trust for their homes, thereby obtaining ownership of the homes upon their owners' death; Liggins, had he remained president of the JIA, would have disrupted this alleged scheme. Id. at 3-4. It should also be noted that Liggins has "sued Berryville and Dalton in the past for what he described as the Town's illegal annexation of Josephine City." Id. at 2.

Liggins gave in to defendants' alleged demands and resigned as president, though he apparently continued to attend JIA meetings and was ultimately reelected president of the JIA, a title he currently maintains. Id. at 3–4. Liggins's claimed injury is that, had he not been ousted as president of the JIA, he would have been able to obtain the grant funds and a new

11

city charter for Josephine City, which would have enabled him receive various contracts for his businesses to improve Josephine City's infrastructure. Id. at 4. In any event, the $1,000,000 grant to fund improvements in Josephine City never came through; the residents of Berryville themselves decided to abandon the grant applications. Id.

Liggins brings his claim against defendants under 42 U.S. C. §§ 1983 and 1985(3), but "one cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979). The same holds true for § 1985(3). See United Bhd. Of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 833 (1983). Liggins argues that he may maintain a suit under §§ 1983 and 1985(3) because defendants violated his constitutional rights in essentially three respects: First, defendants violated his First Amendment rights by limiting his freedom of association and retaliating against him for petitioning his local government on behalf of Josephine City. See ECF No. 20, at 13; ECF No. 33, at 6; ECF No. 34, at 1. Second, defendants violated his due process rights under the Fifth and Fourteenth Amendments, by depriving him of his "liberty interest" in serving as president of the JIA. See ECF No. 20, at 2; ECF No. 33, at 6; ECF No. 34, at 2. Finally, defendants violated his equal protection rights by discriminating against him on racial grounds. ECF No. 34, at 2. Liggins did not raise this third argument in his original complaint; it appears that the first time he specifically raised it was in his objection to Judge Hoppe's second report and recommendation. ECF No. 34. Indeed, Judge Hoppe noted that, with respect to Liggins's Fourteenth Amendment claim, "[i]t is not clear whether Liggins alleges a violation of Due Process, Equal Protection, or both." ECF No. 33, at 6 n.6.

Judge Hoppe considered Liggins's arguments as to his First Amendment retaliation claim and Fifth/Fourteenth Amendment due process claims, and found both to be without merit. Id. On that basis, Judge Hoppe recommended that the court grant defendants' motion to dismiss. Id. at 12. As to these issues, Liggins's objections to Judge Hoppe's report and recommendation simply reiterate the arguments he made previously. See generally ECF No. 34. For instance, Judge Hoppe appropriately found that Liggins has no "liberty interest" under either the Fifth or Fourteenth Amendments in being president of the JIA. See ECF No. 33, at 7 ("Liggins, however, simply has no established Constitutional or statutory right to serve as the head of a private, voluntary organization. He points to no cases or statutes establishing such a right, and the Court has been unable to find any."). Yet in his objections, Liggins repeatedly—and without further clarification—references the Fifth Amendment and his "right to serve as the President of JIA." ECF No. 34, at 1–3, 5. Again, Liggins fails to identify specific errors in the report and recommendation; these general objections do not warrant de novo review. See Veney, 539 F. Supp. 2d at 844–46. Although Liggins's remaining objections are disjointed, under the liberal construction owed to pro se plaintiffs there are two arguments Liggins makes in his objections to Judge Hoppe's report and recommendation that could reasonably be construed as specific objections. These are his claims that defendants' conduct violated his First Amendment freedom of association right, see id. at 1–2, and Fourteenth Amendment equal protection rights, see id. at 1–2, 6, 9–13. These arguments, however, are equally meritless.

Liggins contends that when defendants demanded his resignation as president of the JIA, they "deprive[d him] of his [First] Amendment Right to associate as the President of the

13

JIA, Inc." ECF No. 34, at 3. "The First Amendment right to freedom of association is protectable in § 1983 actions." White v. Town of Chapel Hill, 899 F. Supp. 1428, 1433 (M.D.N.C. 1995), aff'd, 70 F.3d 1264 (4th Cir. 1995). Relevant to Liggins's claim, freedom of association particularly protects the "'right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion.'" Id. (quoting Roberts v. U.S. Jaycees, 468 U.S. 609, 618 (1984)). Liggins, however, has failed to explain how defendants have deprived him of his right to associate. Accepting his allegations as true, for the brief period of time during which he was not president of the JIA, Liggins nevertheless could—and did—associate with the JIA as a member. See ECF No. 33, at 3–4 (noting that "Liggins ostensibly remained a JIA member, albeit not in the capacity of president," attended meetings, and was eventually reelected president). The court has found no cases that stand for the proposition that the First Amendment's guarantee of freedom of association protects the right to associate while holding a particular position, including that of president of a non-profit, community organization such as the JIA. It is therefore unsurprising that Liggins does not cite to any caselaw in support of his First Amendment freedom of association claim. Liggins's claim that defendants violated his First Amendment freedom of association rights is without merit.

Liggins also contends that defendants conspired to obtain and demanded his resignation, in part, because of his race. Parsing the factual allegations that Liggins essentially raises for the first time in his objections to Judge Hoppe's report and recommendation, ECF No. 34, Liggins's argument is that defendants refused to do business with the JIA while he was president of the JIA because of his race; that "[e]very other community who [has] a

14

white leader for their No[t]-for-profit corporation [is] being treated differently than Liggins"; and that this discriminatory treatment stems from a history of racial animosity between the town of Berryville and the community of Josephine City—which, according to Liggins, Berryville illegally annexed. ECF No. 34, at 9–13.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Liggins has demonstrated neither. Although Liggins claims that he is being treated differently from others similarly situated (i.e., leaders of other not-for-profit, community associations), he does not, for example, point to any specific instances of defendants treating those others differently, nor to defendants discriminating against any other leaders of not-for-profit, community associations (or businesspeople in general) on the basis of race. Cf. Monroe v. City of Charlottesville, 471 F. Supp. 2d 657 (2007) (denying motion to dismiss a claim that municipal policy specifically targeted black individuals). Liggins's allegations are thus little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," for a violation of his equal protection rights. Iqbal, 556 U.S. at 678. The court need not accept such "unwarranted inferences" or "unreasonable conclusions." Cozart, 680 F.3d at 365.

Moreover, there is nothing in Liggins's complaint or pleadings that suggest defendants intentionally or purposefully discriminated against Liggins on account of his race; he merely recites the facts that Liggins is black and Holbert and Dalton are white. Indeed, the entire thrust of Liggins's theory of the case undercuts that idea because he alleges that

15

defendants conspired to oust him as president of the JIA as part of an elaborate scheme to defraud the citizens of Josephine City of their homes—not that defendants sought to remove Liggins as president of the JIA because of his race.

"Simply stated, the complaint contains no factual content, which, accepted as true, would state a plausible freedom of association . . . or equal protection claim." Liggins v. Clarke Cty. Sch. Bd., No. CIV.A. 5:09CV00077, 2010 WL 364366, at *3 (W.D. Va. Jan. 29, 2010) (citing Twombly, 550 U.S. at 555). Accordingly, Liggins's complaint cannot survive the Rule 12(b)(6) motion to dismiss.

## B.

"Article III gives federal courts jurisdiction only over cases and controversies," and standing is "an integral component of the case or controversy requirement.'" Miller v. Brown, 462 F.3d 312, 316 (4th Cir.2006). There are three "irreducible minimum requirements" of Article III standing:

> (1) an injury-in-fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

Beck v. McDonald, 848 F.3d 262, 269 (4th Cir. 2017) (quoting David v. Alphin, 704 F.3d 327, 333 (4th Cir. 2013)).

Defendants argue that Liggins fail to meet the first of these requirements because Liggins has pleaded no actual or imminent injury to himself. The court must agree. As discussed above, Liggins has not identified any right of his, whether under the Constitution or federal law, violated by defendants. Liggins's other alleged injury is that, had defendants

16

not manipulated him into resigning as president of the JIA (as he alleges), he would have been able to obtain the grant funds and obtain a new city charter for Josephine City, which would have enabled him receive various contracts for his businesses to improve Josephine City's infrastructure. This alleged injury, however, is "too remote and speculative to constitute an injury in fact." Greengael, LC v. Bd. of Supervisors of Culpeper Cty., 313 F. App'x 577, 581 (4th Cir. 2008). Accordingly, Liggins's complaint must be dismissed pursuant to Rule 12(b)(1) in addition to Rule 12(b)(6).

## C.

Because the court finds dismissal of Liggins's complaint under both Rule 12(b)(1) and Rule 12(b)(6) warranted, the court will **GRANT** defendants' motion to dismiss (ECF No. 5). All claims against defendants are **DISMISSED with prejudice**.

## VI.

Liggins's final motion requests a hearing on his objections to Judge Hoppe's reports and recommendations. ECF No. 36. Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations. In addition, the rule provides: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Because the motion to dismiss can be decided based on the parties' filings, the court concludes that a hearing is not necessary.

# VII.

For the reasons stated above, the court takes the following action:

1. The court construes "Plaintiff Motion to Dismiss Defendants Opposition to Plaintiff Motion for Default Judgment" (ECF No. 16) as a brief in opposition to defendants' brief in opposition (ECF No. 11) to Liggins's first motion for default judgment (ECF No. 9).

2. The court construes "Plaintiff Motion to Dismiss the Honorable Joel C. Hoppe United States Magistrate Judge 2nd Report and Recommendation to Grant Defendants Motion to Dismiss" (ECF No. 34) as objections to Judge Hoppe's second report and recommendation (ECF No. 33).

3. The court **ADOPTS** the first report and recommendation (ECF No. 15) to the extent consistent with this opinion.

4. The court **ADOPTS** the second report and recommendation (ECF No. 33) to the extent consistent with this opinion.

5. The court **GRANTS** defendants' motion to dismiss (ECF No. 5). All claims against defendants are **DISMISSED with prejudice.**

6. The court **DENIES** Liggins's first motion for default judgment (ECF No. 9).

7. The court **DENIES** Liggins's motion for hearing regarding his first motion for default judgment (ECF No. 10).

8. The court **DENIES** Liggins's second motion for default judgment (ECF No. 12).

9. The court **DENIES** Liggins's motion for hearing regarding his objections to Judge Hoppe's reports and recommendations (ECF No. 36).

An appropriate Order will be entered this day.

Entered: April 11, 2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge